## Phoenix Jellico Coal Company v. Robinson.

(Decided April 25, 1912.)

### Appeal from Laurel Circuit Court.

1. Master and Servant—Mine Owners—Personal Injury.—It is the duty of mine owners, aside from statutory impositions to exercise ordinary care to keep their machinery, appliances and premises in reasonably safe condition, and unless it is made plain that the danger is so obvious as that a person of ordinary prudence would not under all the circumstances undertake the work, the owner will not be permitted to escape liability for his negligence upon the ground that the miner assumed the risk. The doctrine of assumed risk in cases like this is regarded with little favor.

2. Master and Servant—Defective Appliances—Promise to Repair.—If a promise to repair defective machinery is made by the master, and relying upon this promise the servant continues to work, and the accident resulting in injury to him happens within a reasonable time after the promise to·repair is made and within such time as he has a right to believe it would be made, he is not chargeable with any assumption of risk because of the failure to repair, as, under circumstances like these, the promise to repair transfers from the servant to the master the assumption of risk.

3. Master and Servant—Defective Appliances—Promise to Repair Made to Committee.—If a promise to repair is made to a committee of servants, acting for the benefit of all of them, it will have the same legal effect as if it was made to each servant who was represented by the committee.

SAM C. HARDIN for appellant.

C. C. WILLIAMS and H. J. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee Robinson, employed as a miner by the appellent company, brought suit against it to recover damages for·personal injuries sustained as he alleged by reason of its failure to keep the premises and appli-

ances where he was at work in reasonably safe repair. Upon a trial before a jury, the damages in his favor were assessed at $900.00, and the company appeals.

The petition averred in substance that at the time he received the injuries complained of, he was operating one of the coal cars loaded with coal, in an entry of the mine; that the track upon which the cars run was unsafe and dangerous, and that the wheels of the cars had become defective and flat in places by constant wear. He further averred that when he discovered the unsafe condition of the wheels of the car, he complained to the mine foreman and threatened to quit work unless the cars were equipped with new wheels, and that the foreman promised to have this done; and that, relying upon his promise, he continued to work but would not have done so except for the promise. . He also charged that the injuries he sustained were caused by the car he was running leaving the track on account of the bad condition of the wheels and track.

The answer was a traverse and plea of contributory negligence. It was also pleaded that the relationship of master and servant did not exist at the time Robinson was injured; and further, that he was an experienced miner and assumed the risk incident to the employment, and that the injury to him, if any, was caused by the act of a fellow servant.

The evidence on behalf of appellee tended to show that the track was old, worn, unsafe and dangerous, and that many of the wheels on the cars had been worn flat in places by constant service. There was also evidence that Robinson threatened to quit work unless the car wheels were repaired or new wheels supplied to take their place, and that the mine foreman promised to do one or the other of these things but failed to do it. It was also shown by the evidence that Robinson and another employe were engaged in taking out some loaded cars, when one of the cars left the track and turned or fell over on Robinson, causing the injuries of which he complains.

It is quite clear from the evidence that the track, as well as the car wheels, were in bad condition, and that these conditions caused the car that injured Robinson to leave the track, but, it is said, that even if this were true, that Robinson was an experienced miner and knew the condition of the track and wheels and assumed the risk

of any accident that might occur as a result of these unsafe conditions. The doctrine of assumed risk is not and ought not to be regarded with much favor in cases like this. It is the duty of mine owners, aside from statutory imposition, to exercise ordinary care to keep their machinery, appliances and premises in reasonably safe condition, and unless it is made plain that the danger is so obvious as that a person of ordinary prudence would not under all the circumstances undertake the work, the owner will not be permitted to escape liability for his negligence upon the ground that the miner assumed the risk. It is doubtless true that Robinson knew that the wheels and track were in bad condition, but he testified that he did not know that it was dangerous to operate the cars as he was doing at the time he was injured, and did not anticipate the accident that happened; and, the evidence that the danger was so obvious as that no person of ordinary prudence would undertake the work, is not so satisfactory as to authorize us to hold that he assumed the risk.

It is further insisted that Robinson's contributory negligence was the proximate cause of the injury, but the evidence does not support counsel in this contention.

It seems that in taking out these cars it was necessary to "sprag" the wheels, by putting a stick in between the spokes, so that when the stick by the revolution of the wheel came in contact with the bed of the car it would chock the wheel, and, that Robinson was engaged in "spragging" one of the wheels at the time the car left the track. Robinson says that it was necessary to "sprag" the wheel to control the car, and that he performed this service in the usual manner; and, while there is some evidence that he did not exercise ordinary care in attending to this duty, there is evidence in his behalf that he was performing it in the usual way, and this question of fact was submitted by an appropriate instruction to the jury.

The jury were also told in substance that if the wheels of the cars were worn and dangerous, and Robinson informed the mine foreman of the condition of the cars and his intention to quit, and the foreman promised to repair the same, and that Robinson relied on the promise and continued to work in operating the cars, and that while he was so continuing to work and within a reasonable time after the promise to repair was made. and within the time when in the exercise of a reasonable

judgment he might reasonably have expected and did expect the company to repair the cars, he was injured as a result of the failure to repair, they should find for him in damages.

It is argued by counsel for appellant that if a promise to repair the cars was made, it was not because the cars were regarded as being unsafe, but because the flat wheels rendered it more difficult for the miners to push them through the mines, and that no promise to repair was made to Robinson but to the miners generally, or, to a committee of the miners who waited upon the foreman for the purpose of complaining about the condition of the cars. If the promise to repair was in fact made, and relying upon this promise Robinson continued to work when he had intended to quit, and the accident happened within a reasonable time after the promise to repair was made and within such time as Robinson had the right to believe it would be made, he is not chargeable with any assumption of risk because of the failure to repair, as under circumstances like these the promise to repair so long as it is effective, transfers from the servant to the master the assumption of risk. Nor do we regard it as important whether the promise to repair was made to Robinson in his individual capacity, or as a member of a committee of miners acting in behalf of Robinson and other miners. It appears that the miners as a body have committees of their own number appointed or selected by themselves who are charged with and assume the duty of notifying or protecting the interests of the miners by making requests of the mine owners; and if a promise to repair was made to a committee of the miners for the benefit of the miners, it would have the same legal effect as if made to each miner individually who was represented by the committee.

Appellant further complains of the failure of the court to instruct the jury upon the fellow servant doctrine, upon the theory that the injury to Robinson was caused by George Davis, a servant, who was assisting him with the car at the time the accident occurred. But we do not think there was any evidence to justify an instruction upon this theory. If we should assume for the sake of the argument that his assistant was a fellow servant, it does not appear that the injury was caused by any act of his. The truth is that the accident was primarily due to the defective condition of the car wheels and the track, and the proximate cause of it was the

failure of the company to discharge the duty it owed to its employes in exercising ordinary care to keep its cars and track in reasonably safe condition.

We think there was ample evidence to support the verdict and that the court properly instructed the jury.

The judgment of the lower court is affirmed.